United States District Court
Southern District of Texas
**ENTERED**
April 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CATHERINE JEFFRIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00106 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is a Motion for Summary Judgment filed by Defendant Wal-Mart Stores Texas, L.L.C. ("Defendant" or "Wal-Mart"). This motion has been referred to the undersigned for review and action. After careful consideration, the undersigned recommends that Defendant's motion for summary judgment be GRANTED and that Plaintiff's claims be dismissed with prejudice.

**I.   JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Catherine Jeffries ("Plaintiff") is a resident of the state of Texas. (Doc. No. 1, p.2; 1-2, p. 6.) At the time the lawsuit was filed, Defendant was and continues to be a Delaware limited liability company organized and existing under the law of the state of Delaware. (Doc. No. 1, p. 2 ¶ 6.) Defendant maintains its principal place of business in Bentonville, Arkansas. *Id.* Defendant is a limited liability company, and therefore its citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Defendant is a Wal-Mart Real Estate Business Trust with its principal office address in

Bentonville, Arkansas. (Doc. No. 1, p. 2 ¶ 6.) For these reasons, complete diversity of citizenship exists between Plaintiff and Defendant. *See* 28 U.S.C. § 1332. Additionally, the amount in controversy facially appears to exceed $75,000. (Doc. No. 1, p. 3; Doc. No. 1-2, p. 9.)

## II. BACKGROUND

### A. *Plaintiff's incident on May 9, 2020.*

This case presents a relatively straightforward set of facts. On May 9, 2020, Plaintiff fell in the parking lot of Wal-Mart Store #1494 located in Corpus Christi, Texas. *See* Doc. No. 1-2, p. 7 ¶ 7; Doc. No. 28, p. 1. On the day of the incident, the weather was hot and sunny, with no rain or other moisture on the ground. (Catherine Jeffries Dep. 16:9-14, February 11, 2022.)[1] Plaintiff testified at her deposition that while walking toward the entrance of the store, she "tripped on something" in the parking lot pavement that caused her to lose her balance and fall forward, hitting a cement pole. *Id.* at 17:8-14, 30:20-31:10.

Plaintiff stated that she fell face-forward, and that on impact she hit her forehead, the left side of her face, and her knee. *Id.* at 43:19-44:5. Plaintiff alleges to have sustained serious bodily injuries to her neck and spine. (Doc. No. 1-2, p. 7 ¶ 7.) Specifically, Plaintiff stated that the incident has caused her problems with the lumbar portion of her back, located at the top of her spine, and that she has a traveling pain down her spine.[2] (Jeffries Dep. 94:10-14.) Additionally, Plaintiff testified that the fall injured her knee. *Id.* at 96:8-14, 104:3-5.

---

[1] Subsequently referred to as "Jeffries Dep." for the sake of brevity. Statements from the deposition will be cited as to the page, followed by the lines in which they appear. This citation, then, is to page 16 of the deposition, lines 9 through 14.

[2] When asked to recall the diagnosis of her injuries, or if she understood specifically what her injuries were, Plaintiff stated, "I fell and I hurt my back." (Jeffries Dep. 95:4-7.) When asked if a doctor had explained to her what sections of her back were injured, or if she knew which sections, she responded in the negative. *Id.* at 96:4-7.

### B. *Procedural history.*

On April 13, 2021, Plaintiff filed a premises liability and negligence action in the 94th Judicial District Court in Nueces County, Texas, seeking to hold Defendant liable for the injuries she sustained from the fall in the Wal-Mart parking lot. (Doc. No. 1-2.) On May 28, 2021, Defendant timely removed this action to federal court. (Doc. No. 1, p. 3.) Defendant filed an amended answer to Plaintiff's original complaint on December 2, 2021, denying all of Plaintiff's claims and assertions. (Doc. No. 17.)

On March 1, 2022, Defendant filed a motion for summary judgment, asserting that no genuine issue of material fact exists as to the premises liability and negligence claims. (Doc. No. 28.) In support of its motion, Defendant has attached an affidavit by defense counsel (Doc. No. 28-2, Ex. A), a photograph taken shortly after the incident (Doc. No. 28-4, Ex. A-2), and the transcript of Plaintiff's deposition. *See* Doc. Nos. 28-3, 29, Ex. A-1. Plaintiff has not filed a response to Defendant's motion for summary judgment.

### C. *Plaintiff's asserted claims.*

Plaintiff's lawsuit brings claims of negligence and premises liability. In her complaint, Plaintiff alleges that Defendant breached the duty owed to her in the following ways:

> (a) failing to inspect and maintain the area whereon Plaintiff was injured; (b) failing to implement adequate policies and procedures for the inspection and maintenance of the area wherein Plaintiff was injured; (c) failing to act to protect Plaintiff and the general public from harm; (d) failing to warn Plaintiff of a potentially unreasonably dangerous condition on the property; (e) failing to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm; (f) permitting the building in question to remain in an unreasonably dangerous condition; (g) failing to adequately secure the area where the incident that made the basis of this lawsuit occurred; (h) failing to have policies and procedures in place to locate areas that create a danger to its customer; (i) failing to utilize warning sign and hazard signs to

>notify patrons of an unreasonably dangerous condition; and (k) failing to isolate an unreasonably dangerous condition.

(Doc. No. 1-2, pp. 8-9 ¶ 10.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows for a "just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)("[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses"). Rule 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 322. A fact is material if it "might affect the outcome of the suit under the governing law," and substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine dispute as to a material fact exists when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, a court determines that the evidence is such that a reasonable jury could return a verdict for the party opposing the motion." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013)(citing *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007)).

Rule 56 requires the parties to "support their factual positions either by directing the court's attention to materials in the record or by showing that the cited materials do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce any admissible evidence to support the fact." 10A Charles A. Wright, et al., *Federal Practice and*

*Procedure* § 2721 (4th ed., Apr. 2021 update). A court may not, however, "evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020)(quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991)).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *See Celotex Corp.*, 477 U.S. at 323. If the movant carries this initial burden, the burden shifts to the nonmoving party to present competent evidence, beyond the pleadings, that set forth specific facts that a genuine question of material fact exists. *Id.* at 324. In assessing the evidence, the court will view the evidence in the light most favorable to the nonmoving party. However, the nonmovant cannot merely put forth a "scintilla of evidence," or assert that some "metaphysical doubt as to the material facts exists" to satisfy its burden. *See Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(citations omitted). In the absence of any proof, the court will not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**IV. DISCUSSION**

    ***A. Plaintiff has failed to respond to Defendant's motion for summary judgment. Thus, Plaintiff is deemed not to dispute Defendant's asserted facts.***

Plaintiff did not file a response to Defendant's motion for summary judgment. (Doc. No. 28.) "Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." S.D. Tex. L.R. 7.3. Defendant's motion for summary judgment was filed on March 1, 2022. (Doc. No. 28.) Plaintiff has not filed a response

to this motion, nor has Plaintiff requested any extension of time. Plaintiff's deadline to respond to the motion for summary judgment expired after March 22, 2022.[3] *See* Fed. R. Civ. P. 6(a). Under our district's local rules, a "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. However, the Fifth Circuit does not permit district courts to utilize local rules to grant summary judgment motions as unopposed based solely on a failure to respond. *See John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). Regardless of an adverse party's failure to respond, a summary judgment movant must meet the burdens of Rule 56. *See* Fed. R. Civ. P. 56(e)(3). If the moving party "fails to discharge this burden, summary judgment must be denied – even if the non-moving party has not responded to the motion." *John*, 757 F.2d at 708. Thus, Defendant must establish the absence of a genuine issue of material fact regarding any of Plaintiff's claims.

Plaintiff's failure to respond does, however, permit the Court to accept as undisputed the evidence set forth in support of Defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A summary judgment nonmovant who does not respond to the motion is "relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Thus, in accordance with Fifth Circuit precedent, the undersigned will fully consider Defendant's motion for summary judgment on the merits and consider the facts as uncontested.

---

[3] Responses to motions "[m]ust be filed by the submission day[.]" S.D. Tex. L.R. 7.4.

### B. *Negligence and premises liability claims under Texas law.*

In this case, Plaintiff brings both a negligence claim and premises liability claim. This Court's jurisdiction is based on diversity, and therefore, state law applies. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). The Texas Supreme Court has consistently recognized negligence claims and premises liability claims as independent legal theories that fall within the scope of negligence. *See General Elec. Co. v. Moritz*, 257 S.W.3d 211, 214-15 (Tex. 2008)(distinguishing between a "negligent activity" theory and a "premises condition" theory); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)(explaining that there exist two types of negligence in failing to keep the premises safe: "that arising from an activity on the premises, and that arising from a premises defect")(citations omitted).

Under Texas law, "activity negligence" claims involve "affirmative, contemporaneous conduct by the owner that caused the injury," whereas "premises liability negligence" claims involve a "nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). To recover on an activity negligence theory, the person must have been injured "by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). "If the plaintiff was injured by a condition created by the activity rather than the activity itself, the plaintiff is limited to the premises liability theory of recovery." *Lucas v. Titus County Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.–Texarkana 1998, no pet.).

### C. *Plaintiff's negligence claim.*

Plaintiff's negligence claim asserts that Wal-Mart breached the duty of care owed to Plaintiff in numerous ways, including failing to inspect and maintain the area, failing to

implement adequate policies and procedures for proper inspection and maintenance, failing to act to protect Plaintiff and the general public from harm, failing to warn Plaintiff of an unreasonably dangerous condition, and failing to isolate an unreasonably dangerous condition on the property. (Doc. No. 1-2, pp. 8-9 ¶ 10.)[4]

Plaintiff, who states that her injuries occurred when she tripped on something and fell in the Wal-Mart store parking lot, must show she was injured due to some ongoing, contemporaneous activity. (Jeffries Dep. 30:20-31:10, 38:21-24.) She alleges that Wal-Mart was negligent for, among other reasons, failing to inspect, failing to implement adequate policies, failing to act to protect, and failing to warn Plaintiff. (Doc. No. 1-2, pp. 8-9 ¶ 10.) However, the failures of which Plaintiff complains amount to various types of nonfeasance associated with premises liability claims. *See Del Lago Partners, Inc.*, 307 S.W.3d at 776. Plaintiff offers no evidence that she was injured contemporaneously with any activity. Indeed, Plaintiff testified at her deposition that there were no activities taking place nor individuals near the incident:

> Q. When you -- right before your fall, can you describe for me what else was happening in the -- in the area, you know, kind of around you? Were there -- were there any people around you or, you know, any carts, cars, that kind of thing?
>
> A. Just the people that were in line, waiting to get into Walmart.

---

[4] As noted in the main text, in her complaint, Plaintiff asserts that Defendant breached the duty owed to her in the following ways: "(a) failing to inspect and maintain the area whereon Plaintiff was injured; (b) failing to implement adequate policies and procedures for the inspection and maintenance of the area wherein Plaintiff was injured; (c) failing to act to protect Plaintiff and the general public from harm; (d) failing to warn Plaintiff of a potentially unreasonably dangerous condition on the property; (e) failing to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm; (f) permitting the building in question to remain in an unreasonably dangerous condition; (g) failing to adequately secure the area where the incident that made the basis of this lawsuit occurred; (h) failing to have policies and procedures in place to locate areas that create a danger to its customer; (i) failing to utilize warning sign and hazard signs to notify patrons of an unreasonably dangerous condition; and (k) failing to isolate an unreasonably dangerous condition." (Doc. No. 1-2, pp. 8-9 ¶ 10.)

> Q. Okay. Do you have any complaints about, like, where those people were? Was there too many people? Or did it -- I mean, do you think the people around you caused you to fall?
>
> A. No.

(Jeffries Dep. 53:19-54:5.) The Court agrees with Defendant's assertion that Plaintiff fails to identify or complain of any activity independent of those encompassed by a premises liability claim, and that Plaintiff's allegations depend on the existence of a dangerous condition. (Doc. No. 28, p.8.) Therefore, Plaintiff's cause of action against Defendant lies solely in premises liability, and the undersigned will recommend that Defendant be granted summary judgment on Plaintiff's negligence claim.

### D. *Plaintiff's premises liability claim.*

In her complaint, Plaintiff alleges that Defendant should have maintained the exterior of the store in a manner that would have prevented the "foreseeable unreasonably dangerous condition or provided ample warnings . . . ." (Doc. No. 1-2, p. 8, ¶ 8.) Defendant argues it is entitled to summary judgment on the premises liability claim because Plaintiff has failed to provide any evidence of a dangerous condition or that Wal-Mart knew that a dangerous condition existed at the site of the incident and failed to act. (Doc. No. 28, p. 7.)

Under Texas law, premises owners "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Here, Wal-Mart is the owner of the premises, and Plaintiff, as a customer of Wal-Mart at the time of the incident, was the invitee. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)("An invitee has been described as one who enters on another's land with the owner's knowledge and for the mutual benefit of both."). Texas law has

established that a premises owner is not an insurer of a visitor's safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)(explaining that a land possessor's duty to an invitee does not make the possessor an insurer of the invitee's safety). Rather, a plaintiff bringing a premises liability claim must establish:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch*, 845 S.W.2d at 264 (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)); *Hernandez v. Kroger Co.*, 711 S.W.2d 3, 4 (Tex. 1986).

### 1. *Plaintiff cannot demonstrate that Defendant had actual or constructive knowledge of any unreasonably dangerous condition.*

To demonstrate that a premises owner had actual or constructive knowledge of an unreasonably dangerous condition, a slip-and-fall plaintiff must establish "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). A condition poses an unreasonable risk of harm "when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)(quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)).

Beyond her unsworn pleading, which is not summary judgment evidence, Plaintiff supplies no evidence that Defendant placed a hazard in the parking lot, or knew that a hazard existed, or that any "condition" existed for a sufficient period of time for Defendant to discover it.  No evidence suggests that Defendant placed any object in the area in question.  In the absence of such evidence, Plaintiff must therefore show that Defendant knew or should have known of the existence of some condition that would indicate a sufficient probability of Plaintiff's falling in the parking lot.  When Plaintiff was asked at her deposition if she had any evidence or belief that Defendant knew the area was not safe, or that Defendant needed to make the area safe and neglected to do so, or that Defendant otherwise ignored the area, Plaintiff responded that she had no such evidence or belief.  (Jeffries Dep. 48:25-49:7.)

As to whether a dangerous condition existed, Plaintiff failed to identify what caused her to fall.  The most Plaintiff could offer at her deposition was that she "tripped on something that was on the floor" that caused her to lose balance and to "go forward and hit that pole."  (Jeffries Dep. 18:12-16.)  When asked to clarify the cause of her fall, Plaintiff testified that she "couldn't have just fallen" deliberately, and that she must have tripped on something.  *Id.* at 19:8-11.  The following passage from Plaintiff's deposition illustrates her inability to identify the cause of her fall:

> Q. [Y]ou testified again that you believe you fell because of -- or you believe you fell on an object or tripped on an object; is that correct?
>
> A. Yes. Yes, I do.
>
> Q. Okay. But -- but you don't know what that object is, right?
>
> A. No, I don't.

> Q. Okay. And you didn't -- you know, on the day of the incident, you didn't see what that object was, correct?
>
> A. No.

(Jeffries Dep. 127:4-15.) When asked a series of questions regarding the condition of the area, Plaintiff testified that there were no chips, cracks, defects, or other objects on the asphalt pavement, and that she could not recall anything lying on the ground where she fell. *Id.* at 31:11-32:8. When asked if Plaintiff had any complaints about the condition where she fell or the surrounding areas (including the sidewalk, its condition and location, and the nearby pole), Plaintiff responded that she had none. *Id.* at 45:18-25. The weather was hot and sunny on the day of the incident, with no rain or other moisture on the ground. *Id.* at 16:9-14.

Additionally, Defendant's photograph of the area in question, taken shortly after the incident, shows no visible defects. (Doc. No. 28-4, Ex. A-2.) Defendant points out that the photograph depicts the area where Plaintiff fell, and includes a concrete curb, nearby sidewalk, and a yellow cement barrier pole. *See* Doc. No. 28, p.2; 28-4, Ex. A-2. At Plaintiff's deposition, counsel for Defendant circled an area in the photograph of the asphalt near the curb, and Plaintiff identified the circled area of the asphalt as the location where believes she fell. (Jeffries Dep. 37:10-43:13.) Plaintiff could not identify anything inside or outside of the circle that she might have tripped on. *Id.* at 41:25-43:13, 127:18-20.

For these reasons, Plaintiff can offer no more than mere speculation as to any condition that caused her to fall, and in the absence of evidence, this Court will not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075. As Plaintiff has failed to show that Defendant had any actual or constructive knowledge of any dangerous condition, Plaintiff fails to satisfy the elements of her premises liability claim.

### 2. *Plaintiff also fails to satisfy the additional elements of her premises liability claim.*

Even if Plaintiff's speculation as to the cause of her fall satisfied the above elements, Plaintiff would also need to demonstrate that Defendant did not exercise reasonable care to reduce or eliminate the risk that caused her injuries.  *Keetch*, 845 S.W.2d at 264.  "[T]he standard of conduct required of a premises occupier toward his invitees is the ordinary care that a reasonably prudent person would exercise under all the pertinent circumstances."  *Corbin*, 648 S.W.2d at 295.

In her complaint, Plaintiff asserts that Defendant should have corrected the area in question by cleaning the area, securing the area, and warning Plaintiff of the existence of the supposed risk that caused her injuries.  (Doc. No. 1-2, p. 8 ¶ 8.)  But at her deposition, Plaintiff denied that Defendant had failed to exercise reasonable care to reduce or eliminate any risk by taking proper measures, including cleaning or maintaining the area, making the area safer, or otherwise preventing her fall.  (Jeffries Dep. 46:14-48:4.)  When asked if she faulted Defendant for not properly maintaining the area, not warning her about the presence of a curb, or for not cleaning the curb or sidewalk, Plaintiff responded in the negative.  *Id.* at 47:4-17.  Regarding the pole where Plaintiff struck her head, Plaintiff stated that she did not fault Defendant in the maintenance, cleaning, or warning of the pole.  *Id.* at 47:18-48:4.  When asked if anything could have been done differently overall as to the area, Plaintiff stated "[r]eally and truly, nothing."  *Id.* 48:14-16.  Therefore, no evidence exists to suggest that Defendant failed to exercise reasonable care in eliminating or reducing the risk of Plaintiff's fall.  This lack of evidence means that Plaintiff also fails to show that the failure to use such care proximately caused her injuries.

Even considering the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff cannot demonstrate that Defendant had actual or constructive knowledge of any unreasonably dangerous condition, or that Defendant failed to exercise reasonable care in preventing Plaintiff's fall. By offering no evidence beyond mere conjecture as to the cause of her fall, Plaintiff fails to satisfy her burden in demonstrating, beyond the pleadings, that any genuine issue of material fact exists. *See Celotex Corp.*, 477 U.S. at 324. Put differently, no reasonable juror could return a verdict for Plaintiff on her premises liability claim. *Ion*, 731 F.3d at 389. Therefore, Defendant's motion for summary judgment should be granted as to the premises liability claim.

## V.     RECOMMENDATION

The undersigned recommends that Defendant's Motion for Summary Judgment (Doc. No. 28) be **GRANTED**, and that Plaintiff's negligence and premises liability causes of action be **DISMISSED WITH PREJUDICE**.

## VI.    NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the

District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

    SIGNED on April 6, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge